JOHN MOSS *v.* JOSEPH M. MOSS.

**Process—Lost Summons—How Proven—Entry on Docket.**
     The entry on the common law docket is competent evidence of the service of the summons on the defendant.

**Replevin Bond—Proof of Existence.**
     The recitals in an execution that it was issued on a replevin bond is not evidence of the existence of such bond, which bond is a quasi judgment.

APPEAL FROM GARRARD CIRCUIT COURT.

December 17, 1867.

OPINION BY JUDGE PETERS:

Although the clerk states in the transcript of the record of Tilford against Moss, etc., that the summons has been misplaced and is not on file, on the trial of the action no evidence was offered to show that the summons has been issued and executed on the defendants and had, in fact, been lost, such evidence would have been competent after laying the proper foundation for its admission. Nor was there any evidence whatever that the judgment had been replevied; the bond was not produced and its absence not accounted for; the recital in the execution is not evidence of the existence of such bond.

It has so often been held by this court that sales of real estate made by sheriffs where the judgments to uphold the executions were not produced that it is a useless waste of time to refer to authorities.

Here the replevin bond, if it had been offered on the trial, would have been sufficient to sustain the execution and sale, but it was not produced, and no evidence offered that such bond ever existed. Whether or not the evidence accompanying the brief of appellee's counsel would have supplied the failure in the evidence we cannot now decide, as that evidence was not offered on the trial, and the question is not before the court. The entry on the common law docket would be admissible to show whether or not the summons had been served. Sec. 383, Civ. Code.

As, therefore, there is no replevin bond which is a quasi judgment offered in evidence to uphold the execution in favor of Tilford, and without such evidence the sheriff exceeded his authority in selling more land than was required to satisfy the executions in his hands sustained by judgments, the ruling of the court below was erroneous. Wherefore the judgment is reversed and the cause remanded with directions to award a new trial and for further proceedings not inconsistent with this opinion.

*Bradley, for appellee.*

*Dunlap, for appellant.*